## Application of SOUTHEASTERN TELEPHONE CO.
### No. 5364-TP.

Railroad & Public Utilities Commission.

January 8, 1959.

Charles F. Ausley and D. Fred McMullen of Ausley, Ausley & McMullen, Tallahassee, for applicant.

Lewis W. Petteway and Guyte P. McCord, Jr., Tallahassee, for the commission.

Chairman JERRY W. CARTER and commissioners WILBUR C. KING and ALAN S. BOYD participated in the disposition of this application.

BY THE COMMISSION.

On March 7, 1958 Southeastern Telephone Co. filed with this commission an application for an increase in its intrastate rates and charges. Two months later a majority of the commission issued an order authorizing the company to put into effect immediately, under $50,000 refund bond, the increased rates and charges proposed in the application. Some three weeks later the commission, by a majority vote, revoked the temporary increase and directed the company to immediately refund to its subscribers all monies collected under the temporary order in excess of the rates and charges previously in effect. As a result of this last order of the commission, the telephone company sought and obtained an injunction from the circuit court of Leon County enjoining the commission from enforcing its order revoking the temporary increases and requiring a refund. An appeal was taken to the district court of appeals, first district, from the injunction order of the circuit court.

In the meantime, the commission set the application down for a public hearing which was completed on November 8, 1958. The various parties were allowed to December 5, 1958 to file briefs. A few days prior to the hearing, aforesaid, on October 28 to be exact, the court of appeals reversed the circuit court. The telephone company has sixty days from November 14 within which to perfect certiorari proceedings in the supreme court, if it desires to have the opinion of the court of appeals reviewed. Whether the company will exercise its rights to seek such a review is, of course, a matter which must be determined by the company and over which this commission can have no control. However, the sixty days will expire within a week and, so far as the commission knows, appropriate proceedings for such a review have not been perfected.

On December 23, 1958 the telephone company filed with the commission a motion for an *immediate* order on its application for increases in its telephone rates and charges. In the motion, it is stated that "without an immediate order giving to Southeastern the fair, just, reasonable, and sufficient rates to which it is lawfully entitled, Southeastern cannot and will not be able to fully provide ... needed services."

Regardless of the seriousness of the situation from the telephone company's viewpoint, this commission is powerless to grant the requested relief in any form or to any extent. The decision of the court of appeals reversing the circuit court includes the following— "It is our judgment, therefore, that order no. 2618 is valid and enforceable and that the two orders of the circuit court appealed from should be and are reversed, with direction to the circuit court to

dissolve the injunction so that this controversy may be *returned to the jurisdiction of the commission for determination of the company's application upon final hearing in which the evidence of all interested parties may be received."* (Emphasis supplied.)

The foregoing language clearly means that the controversy must be *returned to the jurisdiction of the commission* before it can act further in the matter. Thus far, the controversy has not been returned to the jurisdiction of the commission, but is still pending in the court of appeals waiting for the telephone company to make up its mind whether it will seek review in the supreme court or go ahead and make the refund as ordered by this commission in its order #2618, issued May 29, 1958, and affirmed by the court of appeals on October 28, 1958.

The telephone company has sixty days from November 14, 1958 to seek further review in the supreme court. The company, by its motion for an immediate order, steadfastly maintains that an order must be entered by the commission in this matter without further delay; otherwise, the company will be unable to finance improvements and expansions which will be required of it during the year 1959 and that, as a result, the company will be unable to meet the public demand for more and better telephone service. The company's failure to earlier perfect certiorari proceedings in the supreme court, if it intends seeking such review, does not square with the urgency now being advanced by the company. The sooner the company completes its litigation, the sooner the controversy can be returned to the jurisdiction of the commission so that it can fix fair and reasonable rates to be charged by the telephone company for its intrastate telephone service. If further delay in the final determination of its application will jeopardize the company's ability to furnish needed service in the future, then the company must be prepared to bear the responsibility for that delay because the company alone controls the time when the commission's jurisdiction will be reinstated.

It is therefore ordered that Southeastern Telephone Company's motion for an immediate order on its application for increased rates and charges be and the same is hereby denied on the ground that the commission does not have jurisdiction so long as the controversy is pending before the courts and has not been returned to the commission for appropriate determination.

---

Commissioner Alan S. Boyd concurs in the denial of the motion, but feels that the denial should be on the merits. He expresses no opinion on the jurisdictional question.